IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                         Case No. 10-10043-01-JTM

Jeffrey Childs,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on defendant Jeffrey Childs' motion to vacate his sentence and for appointment of counsel. Childs was convicted of multiple narcotics offenses and two firearms charges under 18 U.S.C. § 924(c). Childs seeks relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual "crime of violence" clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Childs seeks relief because "I believe [*Johnson*] applies to my 924(c) charges." (Dkt. 141, at 1).

It is correct that some courts have noted that the law is unsettled as to whether *Johnson* applies to Section 924(c)(3)(B), which prohibits the use or carrying of a firearm in connection with a "crime of violence." *See In re Colon*, 2016 WL 3461009, *3 (11th Cir. 2016).

However, this issue is not before the court. Childs was not convicted of an offense under § 924(c)(3), the "crime of violence" clause. Rather, Childs was pled guilty to possession of a firearm in connection with a drug trafficking crime (Counts 4 and 10 of the Indictment) in violation of 18 U.S.C. § 924(c)(2). In the same plea agreement, Childs pled guilty to the corresponding crimes of possession with intent to distribute marijuana, cocaine, and methamphetamine. (Counts 1, 2, 3, 7, 8, 9).

The term "drug trafficking crime" as used in § 924(c)(2) is not unconstitutionally vauge. *See United States v. Chaidez*, 916 F.2d 563, 564 (9th Cir. 1990) (rejecting vagueness challenge, and concluding "[w]e see no way to interpret section 924(c)(2)'s coverage of felonies involving distribution of controlled substances while carrying a firearm not to have included Chaidez's attempted sale of a pound of heroin while carrying a loaded, cocked firearm"). *Johnson* has no application to the defendant's sentence.

IT IS ACCORDINGLY ORDERED this 30th day of June, 2016, that the defendant's Motion to Vacate and for Appointment of Counsel (Dkt. 141, 142) is hereby denied.

___s/ J. Thomas Marten_____  
J. THOMAS MARTEN, JUDGE