IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                         Case No. 10-10043-01--JTM

JEFFREY CHILDS,

    Defendant.

MEMORANDUM AND ORDER

In 2010, defendant Jeffrey Childs was convicted of multiple drug trafficking crimes, as well as the use (Count 4) and possession (Count 10) of firearms in connection with such crimes. The court sentenced Childs to 300 months imprisonment, reflecting a total of 180 months imprisonment as to the drug trafficking counts, and two five-year terms (each consecutive to the other terms of imprisonment) based upon the firearms counts. In 2016, Childs moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion. (Dkt. 145).

The matter is now before the court on a renewed motion for resentencing. Although advanced in the form of a motion for reconsideration, presented nearly a year after the court's denial of his previous § 2255 motion, the argument now advanced by Childs rests

on a wholly separate ground for relief. In the present motion, Childs cites *Dean v. United States*, 137 S.Ct. 1170 (2017), which held that a sentencing court, in determining an appropriate sentence for individual counts under 18 U.S.C. § 3553(a), may consider the effect of mandatory minimum sentences applicable to other counts. Childs' previous § 2255 motion sought relief on the grounds that his conviction was invalid, because 18 U.S.C. § 924(c) was unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Dkt. 141)

A defendant may not file a second or successive § 2255 motion unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Under § 2255(h)(2), a defendant may file a second or successive 2255 if there is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

If defendant files a second or successive motion without first seeking the required authorization, this court may transfer the motion to the appellate court, if it determines that it is in the interest of justice, or dismiss the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. *Id.* at 1223 n.16.

The court will dismiss the motion and will not transfer the matter to the Tenth

2

Circuit. Courts addressing the issue have determined that *Dean* did not announce a new rule of law made retroactive to cases on collateral review. *See In re Dockery*, 2017 U.S. App. LEXIS 13233, at *2 (5th Cir. July 20, 2017); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017); *United States v. Adams*, No. 7:06-CR-00022-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017).

IT IS THEREFORE ORDERED BY THE COURT this 13th day of September, 2017, that defendant's Motion to Vacate under § 2255 and Motion to Appoint Counsel (Doc. 148) is DISMISSED as an unauthorized second or successive motion.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE