IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 10-10043-01-JWB

JEFFREY CHILDS,

    Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant Jeffrey Childs' motion for reconsideration. (Doc. 153.) In 2010, Childs was convicted of multiple drug trafficking crimes, as well as the use (Count 4) and possession (Count 10) of firearms in connection with such crimes. The court sentenced Childs to 300 months imprisonment, reflecting a total of 180 months imprisonment as to the drug trafficking counts, and two five-year terms (each consecutive to the other terms of imprisonment) based upon the firearms counts. In 2015, Childs moved to reduce his sentence (Doc. 139) pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment **based on** a sentencing range that has subsequently been lowered by the Sentencing Commission." (Emphasis supplied.) The court denied the motion, holding as follows:

> In addition to the guideline ranges shown above the defendant was subject to a consecutive 30-year sentence based on his convictions on Counts 4 and 10. The defendant's 300 month sentence was not based on the guidelines and imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C). Thus, defendant is ineligible for a reduction of sentence under *Freeman v. United States*, 131 S. Ct. 2685 (2011).

(Doc. 140.)

1

Childs now moves for reconsideration of the court's order denying his motion on the basis that the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018), has overruled *Freeman v. United States*, 564 U.S. 522 (2011).

In *Freeman*, the Court's opinion did not garner a majority. Most courts adopted Justice Sotomayor's concurrence which stated that a sentence issued in accordance with an 11(c)(1)(C) plea agreement is based on the plea agreement and not on the Guidelines. *Freeman*, 564 U.S. at 534 (Sotomayor, J., concurring), *holding modified by Hughes*, 138 S. Ct. 1765. In *Hughes*, the Supreme Court clarified that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is eligible for relief under Section 3582 because, under the general rule, a defendant's Guidelines range is "both the starting point and a basis for his ultimate sentence." 138 S. Ct. at 1776. Absent "clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines," a defendant who pleads guilty under Rule 11(c)(1)(C) is eligible for relief under Section 3582(c)(2). *Id.* Childs contends that he is therefore eligible for relief and that the court should reduce his sentence by 58 months, which is the difference between the previously calculated high-end sentencing range and the amended high-end sentencing range. (Doc. 153 at 4.)

Contrary to Childs' position, this court is without authority to provide relief. The Tenth Circuit has recently reaffirmed that relief under section 3582 is allowed only after a defendant overcomes three *distinct* hurdles. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 2618 (2018) (emphasis in original). The first hurdle, which must be addressed before the remaining hurdles, requires Childs to show, "under the statute's 'based on' clause [that] he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing. If not, the district court lacks jurisdiction over the

defendant's motion and the motion must be dismissed." *Id.* If a sentence was determined based on the application of statutory minimums, then this court lacks jurisdiction regardless of Childs' substantial assistance.

Childs essentially argues that *Hughes* now mandates that all sentences are based on the Guidelines range. That is not the case. The same day *Hughes* was issued, the Supreme Court entered an opinion in *Koons v. United States*, 138 S. Ct. 1783 (2018). While the Court acknowledged that all district courts are required to calculate a sentencing range based on the Guidelines, not all sentences are "based on" a Guidelines range. *Id.* at 1789. In *Koons*, the Supreme Court's decision essentially affirms the Tenth Circuit's holding in *C.D*. The Court held:

> Now, as then, district courts calculate the advisory Guidelines ranges, see USSG § 1B1.1(a)(7); discard them in favor of the mandatory minimum sentences, §§ 1B1.1(a)(8), 5G1.1(b); and then may use the substantial-assistance factors to determine how far to depart downward, §§ 1B1.1(b), 5K1.1(a). See § 3553(e). Those resulting sentences, like the sentences here, are not "based on" a lowered Guidelines range—they are "based on" the defendants' mandatory minimums and substantial assistance to the Government. And those defendants, like petitioners, are not eligible for sentence reductions under § 3582(c)(2).

*Id.* at 1790.

So, when a court scraps the Guidelines because of mandatory minimums, a sentence is not based on the Guidelines range. In this case, the sentence issued was not "based on" the calculated Guidelines range. The sentencing judge made that clear in his initial denial issued on November 12, 2015. (Doc. 140.) Childs' Guidelines range was 235 to 293 months **and** Childs was also subject to mandatory statutory consecutive sentences of 25 years on count 10 and 5 years on count 4. (*See* Docs. 99 at 27; 140.) As justification for the imposed sentence, the sentencing judge stated as follows when entering judgment: "The Court determines that a sentence below the mandatory [statutory] minimum is appropriate based on the government's oral motion for a sentence below the mandatory minimum based on 18 U.S.C. 3553(e), and the defendant's

3

willingness to cooperate with the government in future court proceedings." (Doc. 108 at 2.) The record clearly reflects that the sentence imposed was based on the consideration of the statutory minimums and the parties' agreement. (*Id.*; Doc. 81 at 5.) There is nothing in the record that supports a finding that the sentence was based on the Guidelines.

Because the sentencing judge imposed Childs' sentence based on consideration of the statutory minimums and not the sentencing Guidelines, this court lacks authority to consider Childs' section 3582 motion. *C.D.*, 848 F.3d at 1289.

Childs' motion for reconsideration (Doc. 153) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 13th day of December, 2018.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE