IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                               No. 10-10043-01-JWB

JEFFREY CHILDS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pro se motion to reduce sentence. (Doc. 155.) The government has filed a response. (Doc. 156.) As set forth below, the court finds the motion lacks any basis for a sentence reduction and accordingly it is DISMISSED for lack of jurisdiction.

**I. Background**

In 2010, defendant Jeffrey Childs was convicted of multiple drug trafficking crimes, as well as the possession of firearms in furtherance of such crimes (Counts 4 and 10). The court sentenced Childs to 300 months imprisonment, comprised of 180 months imprisonment as to the drug trafficking counts, and two consecutive five-year terms based upon the firearms counts. Due to a binding plea agreement under Rule 11(c)(1)(C), Judge Marten sentenced Childs based on that agreement and consideration of the statutory minimums, but not the sentencing Guidelines. (Docs. 108, 140.) In 2015, Defendant moved for a reduction in his sentence due to a change in the Guidelines. (Doc. 139.) That motion was denied on the basis that Defendant was not sentenced in accordance with the Guidelines. (Doc. 140.) In 2016, Childs moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion. (Doc. 145).

In 2017, Childs moved for reconsideration and that motion was dismissed. (Docs. 148, 149.) In 2018, Childs again moved for reconsideration and that motion was also dismissed. (Docs. 153, 154.) Liberally construing the motion presently before the court, Childs seeks a sentence reduction based on the "*Holloway* doctrine" and under the First Step Act, Public Law 115-391, 132 Stat. 5194 (2018).

**II. Analysis**

Defendant moves to reduce his sentence pursuant to what has been referred to as the "*Holloway* doctrine," a reference to *United States v. Holloway*, 68 F. Supp.3d 310 (E.D.N.Y. 2014). In that case, the defendant's mandatory minimum sentence was fifty-seven years for three convictions under 18 U.S.C. § 924(c) and three carjackings. The U.S. Attorney's Office agreed to an order vacating two of the defendant's three § 924(c) convictions and the defendant was resentenced on the remaining count. *Id.* at 311, 314.

The "*Holloway* doctrine," however, requires the consent of the government. *See Holloway*, 68 F. Supp. 3d at 316 (E.D.N.Y. 2014) ("There are no floodgates to worry about; the authority exercised in this case will be used only as often as the Department of Justice itself chooses to exercise it, which will no doubt be sparingly."); *United States v. Espino*, No. 03-20051-08-JWL, 2019 WL 858735, at *1 (D. Kan. Feb. 22, 2019); *United States v. Perez*, 2018 WL 4207147, at *2 (D. Kan. Sept. 4, 2018) (the "*Holloway* doctrine, in and of itself, does not provide the requisite statutory basis to vacate a sentence."). In response to Defendant's motion, the government expressly states that it does not agree to a sentence reduction. (Doc. 156 at 2.) Although Defendant requests that the court ask the U.S. Attorney's office to agree to a sentence reduction, the court declines to do so. *See Espino*, 2019 WL 858735, at *1. Therefore, although the Tenth Circuit has not yet addressed the availability of such relief, this court is, in any event, without

jurisdiction to award Defendant the relief he seeks. *Perez*, 2018 WL 4207147, at *2 (court lacks jurisdiction without the government's consent).

Defendant also urges the court to reduce his sentence pursuant to Section 3582(c)(1)(A)(i), which permits the court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission...." 18 U.S.C. § 3582(c)(1)(A). Defendant argues that the extraordinary and compelling reasons are the recent passage of the First Step Act combined with the stacking of his firearm offenses and the new Guideline calculations. (Doc. 155 at 18-19.) This argument fails for two reasons. First, the statute requires Defendant to have fully exhausted his administrative rights to appeal the failure of the Bureau of Prisons to bring this motion on Defendant's behalf. § 3582(c)(1)(A). There is no indication in his motion that he has exhausted his administrative remedies. Second, the extraordinary and compelling reasons do not include changes to the statutory minimums or the Guidelines. *See* U.S.S.G. § 1B1.13, app. 1 (listing reasons). Therefore, this court lacks jurisdiction to reduce Defendant's sentence on this basis. Moreover, although Defendant spends a significant amount of time discussing his rehabilitation while incarcerated, which is to be commended, this court does not have any authority to reduce a sentence due to "good conduct or other accomplishments." *See Espino*, 2019 WL 858735, at *2.

Defendant's motion can also be construed as a § 2255, as it seeks to vacate his gun convictions and corresponding sentence on the basis that they are unjust. Section 2255(h) provides in part that a second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Defendant has previously filed a § 2255 motion in this court.

Absent authorization from the appropriate court of appeals, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). In such circumstances, the district court may either dismiss the motion for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice to do so. *Id.* at 1252. Where a defendant's petition is plainly insufficient, it is appropriate for the district court to dismiss the matter. *Id*.

The court concludes Defendant's motion should be dismissed. (*See* Doc. 149.)

IT IS THEREFORE ORDERED this 12th day of December, 2019, that Defendant's motion to reduce sentence (Doc. 155) is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

    ___s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE