IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Case No.  10-10043-01-JWB

JEFFREY CHILDS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant Jeffrey Childs' motion for sentence reduction and release from custody. (Doc. 159.) Defendant's motion also asks the court to appoint counsel. Defendant seeks early release due to underlying health conditions and the current COVID-19 pandemic. The motion has been fully briefed and the court is prepared to rule.[1] (Doc. 160.) For the reasons stated herein, Defendant's motion is denied.

**I.      Facts and Procedural History**

On September 1, 2010, Defendant pleaded guilty to six counts of possession with intent to distribute in violation of 21 U.S.C. § 841(a), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and two counts of maintaining a drug involved premise in violation of 21 U.S.C. § 856(a). (Doc. 81.) On December 1, 2010, Defendant was sentenced to 300 months in prison. (Doc. 107.) Defendant is currently incarcerated at FCI Englewood. There are no active current COVID-19 cases at FCI Englewood. Seven inmates and one staff member have recovered from COVID-19 and there are no recorded deaths at the facility. Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases,*

---

[1] Defendant did not file a reply brief and the time for filing such brief has passed.

https://www.bop.gov/coronavirus/ (last visited October 9, 2020).  With good time credits and time served while his case was pending, Defendant's current projected release date is December 11, 2031.  (Doc. 159 at 3.)

On September 8, 2020, Defendant filed a motion seeking early release due to prostate cancer and due to his health conditions that make him more susceptible to serious health complications should he contract COVID-19.   (Doc. 159 at 4.)   The government opposes Defendant's motion for release on the basis that the sentencing factors do not weigh in favor of a sentence reduction to a time served sentence.  (Doc. 160.)

Defendant submits that upon release he would live with his wife in Wichita, Kansas, and obtain employment at his prior place of employment, Burger King.  In his motion, Defendant seeks the appoint of counsel to assist him with his compassionate release motion.  District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has fifteen days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.    Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act.  Now, a defendant may file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on

his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).  This requirement is jurisdictional.  *Id.*

Next, the court may reduce Defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made … that the defendant is not a danger to the safety of any other person or the community."  18 U.S.C. § 3582(c)(1)(A)(i-ii).  The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons.  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute.  *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears

burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

### III.   Analysis

Defendant seeks compassionate release on the basis of his cancer and due to the extraordinary and compelling circumstance of having underlying health conditions that make Defendant more susceptible to contracting COVID-19 and at risk for complications as a result. The government argues that a sentence reduction is not appropriate in this case.

#### A.  Exhaustion

Defendant has satisfied the exhaustion requirement.  Defendant requested relief on July 2, 2020, and his request was denied by the warden on August 4.  (Docs. 159 at 3; 159-3 at 1-2.)

#### B.  Extraordinary and Compelling Circumstance

Defendant argues that extraordinary and compelling circumstances are met here due to his cancer, which can be considered a terminal illness under the policy statement, and his other health conditions which would place him at a higher risk of complications from COVID-19.  Based on Defendant's medical records, he has undergone treatment for prostrate cancer within the last couple of years.  The records show that Defendant's cancer is currently in remission although Defendant is concerned with his rising prostate-specific antigen ("PSA") numbers.  The records show that after radiation treatment, Defendant's PSA was .3.  As of November 2019, Defendant's PSA was 1.03.  The records do not demonstrate that Defendant underwent any further evaluation or cancer treatment.  The American Cancer Society has stated that there is no cutoff point to determine whether a certain PSA number signifies cancer although most doctors use a cutoff point of 4 ng/ml.  *See* American Cancer Society, *Screening Tests for Prostate Cancer*, https://www.cancer.org/cancer/prostate-cancer/detection-diagnosis-staging/tests.html                (last

accessed Oct. 9, 2020).  Under the application note to the policy statement, an extraordinary and compelling reason is met if the terminal illness is a "metastatic solid-tumor cancer."  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(i).  Also, the illness must be advanced with an end-of-life trajectory.  *Id.*  Based on the current record, it does not appear that Defendant's cancer is advanced with an end-of-life trajectory at this time.  There is no indication that a cancer that is in remission would qualify as an extraordinary and compelling reason under the policy statement.  *See Mazer v. United States*, No. 18 CIV. 769 (GBD), 2020 WL 5522895, at *2 (S.D.N.Y. June 1, 2020) (finding that the defendant did not establish that he had a terminal illness when records did not indicate that his cancer had an end-of-life trajectory.)

Defendant also argues that his cancer and other health issues from being shot in 2009 are extraordinary and compelling reasons due to the current COVID-19 pandemic.  The records do show that Defendant was shot during the events leading up to his arrest in this case.  (Doc. 81 at 2.)  Defendant claims that this has resulted in problems with his lungs although the medical records do not support this assertion.  The medical records show that he has hyperlipidemia, hypertension, hematuria, and degeneration of the intervertebral disc.  (Doc. 159-3 at 9.)  As discussed, extraordinary and compelling circumstance can be found if Defendant has a serious medical condition, from which he is not expected to recover, that substantially diminishes the ability to provide self-care within the environment of a correctional facility.  Extraordinary and compelling circumstances can also be found based on other reasons.  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D).

The Department of Justice has identified risk factors that place inmates at higher risk of complications from COVID-19.  An inmate who has one of the factors identified by the Centers for Disease Control and who is not expected to recover from that condition is deemed to have

established an extraordinary and compelling reason allowing for compassionate release.  (Doc. 160 at 11-12.)   Those factors include being immunocompromised from cancer treatment. Although the medical records show that Defendant has received cancer treatment within the last two years, it does not indicate whether Defendant is in an immunocompromised state.

The government states that it will give Defendant the benefit of the doubt that he "has likely presented some level of an extraordinary and compelling reason" due to his cancer treatment but states that release is not warranted after consideration of the sentencing factors.  (Doc. 160 at 13.)

Even though Defendant may have some risk factors relating to COVID-19, the court finds that Defendant does not meet his burden to demonstrate extraordinary and compelling reasons warranting a reduction in his sentence.  Although he has been undergoing treatment in the recent past, there is no indication in the record that Defendant is immunocompromised.  Defendant is concerned that his PSA number is rising but he has provided no medical evidence that the cancer has returned or that he began additional treatment.  Rather, the records continue to show that his cancer is in remission.  (Doc. 159-3 at 9.)

Even if Defendant's medical condition met the extraordinary and compelling standard, Defendant would not be entitled to a sentence reduction or release from confinement after consideration of the sentencing factors.

**C.  Sentencing Factors**

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020).  Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of

the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In this case, Defendant was charged in 2010 with multiple counts of drug trafficking and weapons possession. These charges arose after the Wichita Police Department responded to a shooting at Defendant's residence on August 12, 2009. Defendant and his wife had been shot in a robbery attempt. During the investigation, officers obtained a search warrant for Defendant's home and discovered a large amount of cocaine, methamphetamine, marijuana, prescription pills, currency, and twenty firearms. (Doc. 99 at 4, 11-12.) Defendant was interviewed by police officers and he admitted to distributing drugs. According to Defendant, the robbery occurred because he had $250,000 in cash from dealing drugs in his home. (Doc. 99 at 12.)

Defendant pleaded guilty to six counts of possession with intent to distribute, two counts of possession of a firearm in furtherance of a drug trafficking crime, and two counts of maintaining a drug involved premise. (Doc. 81.) Defendant's criminal history shows that he had two previous drug convictions. Defendant was also on probation for a driving under the influence conviction at the time of the charged offenses. (Doc. 99 at 23.)

Defendant was sentenced by this court to 300 months based on the parties' plea agreement. Due to potential good time credits and the time served while awaiting sentencing, Defendant's sentence is currently projected to end in June 20, 2031. (Doc. 160 at 16.) Based on his arrest date of March 5, 2010, Defendant has served approximately 127 months; therefore, Defendant has only served half of his imposed sentence at this time. The term of incarceration accordingly weighs against an early release. *Cf. United States v. Collins*, No. 15-10188-EFM, 2020 WL 3971391, at *3 (D. Kan. July 14, 2020) (Defendant had already served the majority of her sentence).

The circumstances surrounding Defendant's crimes do not support a reduction in sentence. Defendant's crimes were committed while he was on probation and Defendant has a criminal history. Defendant was not a minor drug dealer. Rather, he had extensive quantities of several different drugs and Defendant also was in possession of an arsenal of firearms. These offenses were serious by their nature and posed a serious threat to public safety. Releasing Defendant after serving only 127 months of a 300-month sentence would undermine the need to "promote respect for the law," "afford adequate deterrence to criminal conduct," and "avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2)(A), (B); (a)(6); *see also United States v. Degarmo*, No. 18-10128-01, 2020 WL 5253410, *3-4 (D. Kan. Sept. 3, 2020).

Also, due to his significant criminal conduct involving large quantities of drugs and the possession of 20 firearms in connection with drug trafficking, Defendant has not shown that he is not a danger to the safety of others and the community. After considering the factors enumerated in § 3553(a), Defendant's motion to reduce his sentence to time served or, alternatively, replace the remaining term of imprisonment with a special term of supervised release incorporating a condition of home confinement is denied.

## IV.     Conclusion

Defendant's motion for sentence reduction under § 3582 is DENIED. (Doc. 159.)

IT IS SO ORDERED. Dated this 15th day of October 2020.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE