IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No.  10-10043-JWB

JEFFREY CHILDS,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence under the First Step Act (Doc. 163). The motion has been fully briefed. (Docs. 164, 165.) Defendant's motion is DENIED for the reasons set forth herein.

**I.    Facts and Procedural History**

On September 1, 2010, Defendant pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to six counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), one count of felon in possession of a firearm in violation of 18 U.S.C. § 922, and two counts of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a). (Doc. 81.) In the plea agreement, the parties proposed a sentence of 300 months. (*Id.* at 4.)

According to the plea agreement, Wichita Police Department (WPD) officers heard shots fired in the area of 30th and McLean Streets in Wichita, Kansas. They were advised by dispatch of a possible shooting at 1001 W. Marlboro. Upon arrival, they found Defendant and his wife,

1

Christina, had been shot. During a search of the residence, officers found drugs and approximately 20 guns. (Doc. 1 at 3.) The drugs consisted of more than three kilograms of cocaine powder, 155 kilograms of marijuana, and less than one pound of methamphetamine. Officers then obtained a search warrant for a residence/business located at 3214 S. Water. At this location, officers found 187 kilograms of marijuana, 1.3 kilograms of cocaine powder, less than half a pound of methamphetamine, and approximately 14 guns. (Doc. 1 at 6.) Defendant admitted that he possessed the guns to protect himself, his drugs, and the money he received from distributing the drugs. At the time he possessed these guns, Defendant was a convicted felon and knew that he could not possess a gun or ammunition. Defendant admitted that the property at 1001 W. Marlboro and 3214 S. Water were used to facilitate the commission of his drug trafficking crimes and also admitted that he utilized the property located at 103 and 119 W. 31st Street South to facilitate the commission of drug trafficking crimes. (Doc. 81 at 4.)

Defendant had prior felony convictions, including previous convictions for possession of cocaine, possession of marijuana, and the sale of cocaine. (Doc. 99 at 22.) Under the United States Sentencing Guidelines, Defendant's calculated sentencing range, based on a total offense level of 35 and a criminal history category of IV, was 235 to 293 months. Additionally, Defendant was subject to a consecutive sentence of five years for count 4 and twenty-five years for count 10, both § 924(c) counts. As a result of the drug and gun convictions, Defendant was facing a mandatory minimum sentence of 40 years. (*Id.* at 27-28.)

On December 1, 2010, sentencing was held. At the hearing, the government noted that the United States probation officer had concerns with regard to the parties' requested sentence due to the statutory mandatory minimums. (Doc. 138 at 3-4.) The government then moved at sentencing for a reduction from the mandatory minimums under 18 U.S.C. § 3553(e) on the basis that

Defendant provided substantial assistance. The government noted that the information Defendant provided in his debriefing was historical but that it may provide help in future prosecution and his debriefings were very complete. (*Id.* at 4.) The government stated that Defendant was a "significant drug dealer" and had "been for a long time" but felt that he should face something less than a mandatory 40-year sentence. (*Id.* at 5.) The court accepted the government's position and sentenced Defendant to 300 months in prison. (Doc. 107.)

Defendant has filed several post-conviction motions since sentencing which have been accurately summarized by the government in its response brief and the court need not recite all of those here. (Doc. 164 at 3-5.) Of note, Defendant filed his first motion for compassionate release on September 8, 2020. (Doc. 159.) Defendant asserted that he should be granted a time served sentence because of his medical conditions and the COVID-19 pandemic. This court denied the motion on the basis that the sentencing factors did not support a reduction in sentence. (Doc. 161.) On April 11, 2022, Defendant filed this motion through counsel seeking compassionate release due to a change in the sentencing scheme, his age, his health, the number of years he has already served, and his rehabilitation. (Doc. 163.) Defendant has provided several records including his medical records documenting his health conditions, his prison records, and education classes he attended while incarcerated. (*Id.*, Exhs. 1-5.) The court has reviewed all of the submissions. Defendant requests a reduction in his sentence to time-served, 240 months, or whatever reduction the court finds warranted. (*Id.* at 2.) With good time credits and time served while his case was pending, Defendant's current projected release date is June 20, 2031. (Doc. 164 at 6.) The government opposes the motion.

**II.    Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted[1] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*.

---

[1] The government concedes that Defendant has exhausted his administrative remedies here. (Doc. 164 at 8.)

at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. Vargas*, No. 13-10193-JWB, 2021 WL 4623586, at *1 (D. Kan. Oct. 7, 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno,* 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

**III.    Analysis**

Concerning the first requirement under Tenth Circuity authority, Defendant argues that his health conditions, his age, his rehabilitation, the length of time already served, and the elimination of stacking under § 924(c), constitute extraordinary and compelling circumstances that justify a sentence reduction to time served or a reduction. The court finds it unnecessary to determine whether Defendant's circumstances rise to the level of extraordinary and compelling circumstances because a sentence reduction is not consistent with the sentencing factors in 18 U.S.C. § 3553(a).

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

In this case, Defendant was charged in 2010 with multiple counts of drug trafficking and weapons possession. As discussed herein, these charges arose after the WPD responded to a shooting at Defendant's residence. During the investigation, officers obtained a search warrant

for the residence and discovered a large amount of cocaine, methamphetamine, marijuana, prescription pills, currency, and twenty firearms. (Doc. 99 at 4, 11-12.) Defendant was interviewed by police officers and he admitted to distributing drugs. According to Defendant, the robbery occurred because he had $250,000 in cash from dealing drugs in his home. (Doc. 99 at 12.) Defendant's criminal history shows that he had two previous drug convictions. Defendant was also on probation for a driving under the influence conviction at the time of the charged offenses. (Doc. 99 at 23.)

As stated in this court's prior order, the circumstances surrounding Defendant's crimes do not support a reduction in sentence. Defendant's crimes were committed while he was on probation and Defendant has a substantial criminal history. Significant to this decision is the circumstances surrounding the crimes charged. Defendant was not a minor drug dealer. Rather, he had extensive quantities of several different drugs and distributed these drugs out of various locations. Defendant also was in possession of 20 firearms. Releasing Defendant or reducing his sentence in this case would undermine the need to "promote respect for the law," "afford adequate deterrence to criminal conduct," and "avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(2)(A), (B); (a)(6).

Although Defendant recognizes the severity of his crimes, Defendant argues that the sentence he received was due to plea bargaining to avoid a potential stacked sentence on the § 924(c) counts and that he would be in a different bargaining position today. Essentially, Defendant argues that the parties would have negotiated a lower sentence in light of the reduced mandatory minimums and the substantial assistance he provided to the government. Defendant claims that he would have had more leverage to bargain in light of the change in the law. Under the current law, he would not be subject to a 25-year mandatory minimum on the second § 924(c) count.

Although Defendant's current sentence would fall just below the sentencing range if Defendant was sentenced today (taking into account the five year consecutive sentences on the § 924(c) counts), he asserts that the range does not account for his substantial assistance. (Doc. 165 at 6-7.) While it is entirely possible that the parties may have come to an agreement on a different sentence if Defendant was facing lower mandatory minimums at the time the plea was negotiated, the court is not convinced that this possibility outweighs the sentencing factors discussed herein. Moreover, as noted by the government at the sentencing hearing, Defendant was a significant drug dealer in the community and had been for some time. Defendant was a convicted felon who distributed significant amounts of drugs and possessed multiple firearms due to his criminal activity. This significant criminal activity is not outweighed by the fact that Defendant may have been in a different negotiating position if he was charged today.

Defendant also asserts that his good conduct while incarcerated, his age, and health conditions weigh in favor of a reduction. Defendant's conduct while incarcerated is commendable. Defendant has been employed, taken classes, and not incurred any disciplinary infractions. However, this conduct is outweighed by the criminal conduct discussed herein. With respect to his many health issues and related COVID-19 concerns, Defendant has not shown that he is receiving inadequate health care while incarcerated. (Doc. 163 at 9-11; Exh. 2.) Although the court is sympathetic to Defendant's medical conditions, his criminal conduct involved a large scale drug distribution and numerous weapons. Defendant also argues that his age, 61, weighs in favor of a reduction. (Doc. 163 at 9.) While Defendant is over sixty years old, the PSR shows that Defendant was 50 years old during the pendency of this case. Therefore, the court is not convinced that the fact that Defendant is now over 60 years old weighs in favor of reducing his sentence.

Reducing Defendant's sentence would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.

After reviewing Defendant's submissions, the court finds that the imposed 300-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

### IV.    Conclusion

Defendant's motion for sentence reduction (Doc. 163) is DENIED.

IT IS SO ORDERED.  Dated this 8th day of June 2022.

　　　　　　　　　　　　　　　　　　__s/ John W. Broomes_____
　　　　　　　　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE