IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.   No. 10-10043-01-JWB

JEFFREY CHILDS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pro se motion to correct clear error and supplement in support. (Docs. 167, 168.) As set forth below, the motion is DISMISSED for lack of jurisdiction.

**I. Background**

In 2010, Defendant Jeffrey Childs was convicted of multiple drug trafficking crimes, as well as the possession of firearms in furtherance of such crimes in violation of 18 U.S.C. § 924(c) (Counts 4 and 10). The court sentenced Defendant to 300 months imprisonment, in accordance with the parties' binding plea agreement under Rule 11(c)(1)(C). (Docs. 108, 140.) Defendant did not file a direct appeal. In 2016, Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion. (Doc. 145).

In 2017, Defendant moved for reconsideration and that motion was dismissed. (Docs. 148, 149.) In 2018, Defendant again moved for reconsideration and that motion was also dismissed. (Docs. 153, 154.) In November 2019, Defendant filed a second and successive § 2255 which the court dismissed for lack of jurisdiction. (Doc. 157.) Defendant then filed two motions to reduce

sentence which were denied by the court. (Docs. 161, 166.) Defendant now moves the court to correct plain error under Federal Rule of Criminal Procedure 52(b). (Doc. 167.)

**II. Analysis**

Defendant argues that the court committed plain error by convicting him of two counts of § 924(c). Essentially, Defendant asserts that his conviction of both counts violated the Double Jeopardy Clause and his Due Process rights under the Constitution. Defendant asks the court to vacate his conviction and sentence on count 10. (Doc. 167 at 9.) Defendant's motion, although citing to Rule 52(b), clearly seeks to collaterally attack his conviction. Rule 52(b) "was intended for use on direct appeal . . . [and] is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." *United States v. Anaya*, 736 F. App'x 205, 206 (10th Cir. 2018) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

Accordingly, Defendant's motion is properly construed as a § 2255 motion. *See id.*; *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) (Section 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal.") Defendant has previously filed a § 2255 motion challenging his conviction. Section 2255(h) provides in part that a second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h).

Absent authorization from the appropriate court of appeals, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). In such circumstances, the district court may either dismiss the motion for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice to do so. *Id.* at

2

1252.  Where a defendant's petition is plainly insufficient, it is appropriate for the district court to dismiss the matter. *Id*.

The court concludes Defendant's motion should be dismissed.

IT IS THEREFORE ORDERED this 8th day of April 2025, that Defendant's motion to reduce sentence (Doc. 167) is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

    __s/ John Broomes_ _____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE