IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                  No. 10-10043-01-JWB

JEFFREY CHILDS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pro se motion under Rule 60(b)(6). (Doc. 170.) As set forth below, the motion is DISMISSED for lack of jurisdiction.

**I. Background**

In 2010, Defendant Jeffrey Childs was convicted of multiple drug trafficking crimes, as well as the possession of firearms in furtherance of such crimes in violation of 18 U.S.C. § 924(c) (Counts 4 and 10). The court sentenced Defendant to 300 months imprisonment, in accordance with the parties' binding plea agreement under Rule 11(c)(1)(C). (Docs. 108, 140.) Defendant did not file a direct appeal. In 2016, Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion. (Doc. 145.)

In 2017, Defendant moved for reconsideration and that motion was dismissed. (Docs. 148, 149.) In 2018, Defendant again moved for reconsideration and that motion was also dismissed. (Docs. 153, 154.) In November 2019, Defendant filed a second and successive § 2255 motion that the court dismissed for lack of jurisdiction. (Doc. 157.) Defendant then filed two motions to reduce sentence which were also denied by the court. (Docs. 161, 166.)

On March 24, 2025, Defendant moved the court to correct plain error under Federal Rule of Criminal Procedure 52(b).  (Doc. 167.)  Defendant argued that his conviction under § 924(c) violated the Double Jeopardy Clause and his Due Process rights.  The court held that Defendant's motion was a collateral attack on his conviction and construed it as a second or successive § 2255 motion.  (Doc. 169.)  The court dismissed the motion for lack of jurisdiction.

Defendant now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  Defendant again argues that his conviction violates the Double Jeopardy Clause and his right to Due Process under the Constitution.  (Doc. 170 at 4.)

**II. Analysis**

Defendant argues that the court committed plain error by sentencing him on two counts of § 924(c) and states that he is "currently serving an illegal sentence." (Doc. 170 at 7.)  Defendant's motion, although citing to Rule 60(b), clearly seeks to collaterally attack his conviction.

Accordingly, Defendant's motion is properly construed as a § 2255 motion.  *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016) (Section 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal.")  Defendant has previously filed a § 2255 motion challenging his conviction.  Section 2255(h) provides in part that a second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or be based on a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. § 2255(h).  Absent authorization from the appropriate court of appeals, a district court has no jurisdiction to consider a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  In such circumstances, the district court may either dismiss the motion for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice to do so.  *Id.* at 1252.

2

Here, Defendant requests that the court transfer his petition to the Tenth Circuit if the court declines to rule on the merits of his motion. (Doc. 170 at 9.) Defendant, however, has been told of the statutory authorization requirements of § 2255(h) in prior orders. Notably, just last month, the court told Defendant about the statutory requirements regarding the same arguments he raised in the instant motion, yet Defendant again sought relief from this court based on an inapplicable Rule of Civil Procedure. Further, Defendant has not made any showing that his motion is an appropriate second or successive motion based on the standards in § 2255(h). Therefore, the court declines to transfer the motion. *See In re Cline*, 531 at 1252.

The court concludes Defendant's motion should be denied.

IT IS THEREFORE ORDERED this 29th day of May 2025, that Defendant's motion (Doc. 170) is DENIED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 motion may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

\_\_\_\_s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE